IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CRYSTAL K.,[1]

        Plaintiff,

      v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 6:25-cv-00169-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Crystal K. filed this appeal challenging the Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons explained below, the Court reverses the Commissioner's decision and remands for the calculation and payment of benefits.

///

///

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

"As with other agency decisions, federal court review of social security determinations is limited." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). "For highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Adhering to this principle, courts "follow three important rules" in reviewing social security determinations. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, courts "leave it to the [agency] to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Id.* (quoting *Treichler*, 775 F.3d at 1098). Second, courts "will 'disturb the Commissioner's decision to deny benefits only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098). Third, if the agency "'commits legal error, [courts] uphold the decision where that error is harmless,' meaning that 'it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, 'the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity.'" *Id.* (quoting *Treichler*, 775 F.3d at 1098); *see also Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("And even where this modest [substantial evidence] burden is not met, [courts] will not reverse an [agency] decision where the error was harmless." (citing *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by regulation as recognized in Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022))).

///

PAGE 2 – OPINION AND ORDER

## BACKGROUND

### I.    PLAINTIFF'S APPLICATIONS

Plaintiff filed DIB[2] and SSI[3] applications on July 6, 2022, alleging a disability onset date

of November 14, 2019 which she later amended to June 7, 2022. (Tr. 20.) The Commissioner

denied Plaintiff's applications initially and upon reconsideration. (*Id.*) Plaintiff and an impartial

vocational expert ("VE") appeared and testified at a hearing before an administrative law judge

("ALJ") on September 5, 2024. (*Id.* at 20, 38-53.) On September 24, 2024, the ALJ issued a

written decision denying Plaintiff's applications. (*Id.* at 20-31.) On December 6, 2024, the

Appeals Council denied Plaintiff's request for review, making the ALJ's written decision the

final decision of the Commissioner. (*Id.* at 1-6.) Plaintiff now seeks judicial review of that

decision.

### II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or he is unable to "engage in any substantial

gainful activity by reason of any medically determinable physical or mental impairment

---

[2] To be eligible for DIB, "a worker must have earned a sufficient number of [quarters of coverage] within a rolling forty quarter period." *Herbert v. Astrue*, No. 1:07-cv-01016 TAG, 2008 WL 4490024, at *4 (E.D. Cal. Sept. 30, 2008) (citation omitted). Workers accumulate quarters of coverage based on their earnings. *Id.* Typically, "the claimant must have a minimum of twenty quarters of coverage [during the rolling forty-quarter period to maintain insured status]. . . . The termination of a claimant's insured status is frequently referred to as the 'date last insured' or 'DLI.'" *Id.* (citation omitted). Thus, Plaintiff's date last insured ("DLI") of December 31, 2024 (Tr. 20) reflects the date on which her insured status terminated based on the previous accumulation of quarters of coverage. If Plaintiff established that she was disabled on or before December 31, 2024, she is entitled to DIB. *See Truelsen v. Comm'r of Soc. Sec.*, No. 2:15-cv-2386-KJN, 2016 WL 4494471, at *1 (E.D. Cal. Aug. 26, 2016) ("To be entitled to DIB, plaintiff must establish that he was disabled . . . on or before his date last insured." (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998))).

[3] "[T]he earliest an SSI claimant can obtain benefits is the month after which [s]he filed h[er] application[.]" *Schiller v. Colvin*, No. 12-771-AA, 2013 WL 3874044, at *1 n.1 (D. Or. July 23, 2013) (citation omitted).

PAGE 3 – OPINION AND ORDER

which . . . has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]” 42 U.S.C. § 423(d)(1)(A). “Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act.” *Keyser v. Comm’r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011) (citation omitted). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *See id*. at 954. The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, “taking into consideration the claimant’s residual functional capacity, age, education, and work experience.” *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (citation omitted). If the Commissioner fails to meet this burden, the claimant is disabled. *See Bustamante*, 262 F.3d at 954.

III.    THE ALJ’S DECISION

The ALJ applied the sequential evaluation process to determine if Plaintiff was disabled. (Tr. 20-31.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 7, 2022, the amended alleged onset date. (*Id.* at 22.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: “obesity; chronic

obstructive pulmonary disease; asthma; mild neurocognitive disorder; paranoid schizophrenia; schizoaffective disorder, bipolar type; and posttraumatic stress disorder." (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.* at 23.) The ALJ found that Plaintiff had the residual function capacity ("RFC") to perform "light work . . . except she must avoid all exposure to pulmonary irritants." (*Id.* at 24.) "Additionally, she can understand, remember, and carry out simple instructions, can perform tasks that do not involve a specific production rate pace such as assembly-line work or an hourly production quota, can make simple work-related decisions, can adjust to occasional changes in the work setting, and can have occasional interaction with the public, co-workers, and supervisors." (*Id.*)

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 29.) At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including marker, office helper, and electronics worker. (*Id.* at 30.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act from June 7, 2022 through the date of decision. (*Id.*)

## DISCUSSION

The parties agree that the Court should reverse and remand the ALJ's decision but disagree about the scope of the remand. (*See* Def.'s Br. at 2-5, ECF No. 17; Pl.'s Reply at 1-20, ECF No. 21.) Plaintiff argues that the Court should remand for the payment of benefits because the "credit-as-true" rule is satisfied here. (Pl.'s Reply at 1-20.) The Commissioner argues that "the record does not conclusively establish that Plaintiff is disabled" and remand is necessary to allow the agency to "resolve factual conflicts and evaluate the most Plaintiff can do despite her impairments." (Def.'s Br. at 2-5.)

PAGE 5 – OPINION AND ORDER

I.    REMAND

A.    **Applicable Law**

"Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). In several cases, however, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits when [the three-part credit-as-true standard is] met." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted).

The credit-as-true standard is satisfied if: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* (citations omitted).

Even when the credit- as-true standard is met, the court retains the "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021.

B.    **Analysis**

Plaintiff argued in her opening and reply briefs that the Court should apply the "credit-as-true" rule and remand for an immediate award of benefits. (*See* Pl.'s Br. at 38-39, ECF No. 9; Pl.'s Reply at 1-20.) The Commissioner did not provide any meaningful analysis of the "credit-as-true" rule in his response, but argues generally that inconsistencies between Plaintiff's testimony and the medical evidence "mean that Plaintiff's case does not present the 'rare and

PAGE 6 – OPINION AND ORDER

prophylactic exception' in which an immediate award of benefits is appropriate." (Def.'s Br. at 5, quoting *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2018).) The Court finds that remand for an award of benefits is appropriate here.

First, the parties agree that the ALJ committed harmful error in evaluating the medical opinion evidence. (*See* Pl.'s Br. at 2-23; Def.'s Br. at 2; Pl.'s Reply at 9-12.) In light of the parties' stipulation, the Court finds that the ALJ committed harmful error in evaluating the medical opinion evidence.

Second, with respect to crediting any improperly discredited evidence as true, Plaintiff also argued in her opening brief that the ALJ erred in his evaluation of Plaintiff's symptom testimony. (*See* Pl.'s Br. at 23-33.) The Commissioner did not address Plaintiff's arguments about her symptom testimony in the response. (*See generally* Def.'s Br.) The Court finds that the Commissioner has waived any challenge to Plaintiff's remaining assignments of error.[4] *See*

*Jenna R. v. Comm'r Soc. Sec. Admin.*, No. 6:24-cv-01221-AR, 2025 WL 1144751, at *3-4 (D. Or. Apr. 18, 2025) ("As this court previously has concluded, the Commissioner's failure to

---

[4] To hold otherwise would allow the Commissioner to agree to remands without ever addressing the merits of Plaintiff's arguments, which further exacerbates the high cost and slow pace of appealing a denial of disability benefits. In this appeal, Plaintiff filed a thirty-nine page brief and the Commissioner filed a short response requesting remand for a complete do-over without any meaningful analysis. Ninth Circuit guidance and the objectives of the credit-as-true rule recognize that remanding to allow the Commissioner a do-over does not serve a "useful purpose" under the credit-as-true analysis. *See Garrison*, 759 F.3d at 1021; *see also Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114, at *3 (9th Cir. July 5, 2023) ("[R]emand would serve no legitimate purpose. . . . [P]ermitting the Government to introduce additional evidence on remand would provide the Government with an unfair second opportunity to present its case." (*citing Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004))); *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (citation omitted); *Moisa*, 367 F.3d at 887 ("The Commissioner, having lost this appeal, should not have another opportunity to show that [the claimant] is not credible any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings to establish his credibility").

PAGE 7 – OPINION AND ORDER

respond to a claimant's arguments constitutes a waiver." (first citing *Matthew Jacob C. v. Comm'r Soc. Sec. Admin.*, No. 1:23-cv-00906-AR, 2024 WL 4100551, at *4 (D. Or. Sept. 6, 2024); then citing *Jeffrey C. v. Kijakazi*, No. 3:22-cv-79-SI, 2023 WL 4760603, at *3 (D. Or. July 26, 2023); then citing *Lacey G. v. Comm'r Soc. Sec. Admin.*, No. 3:21-cv-00882-YY, 2022 WL 17845936, at *2 (D. Or. Dec. 22, 2022); then citing *Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-01822-HL, 2021 WL 5235969, at *4 (D. Or. Nov. 10, 2021); and then citing *Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1196 (W.D. Wash. 2013)); *see also id.* at *4 ("By refusing to undertake an analysis of plaintiff's arguments, and agreeing only to remand for additional proceedings, the Commissioner seeks a mulligan or 'do over.' Accordingly, the Commissioner's failure to respond to plaintiff's direct challenge to the ALJ's subjective symptom findings, medical opinion evidence, lay witness testimony, and vocational expert testimony, constitutes a waiver of those arguments for this judicial review. The court will not undertake an analysis of plaintiff's arguments and the ALJ's provided rationales where the Commissioner has failed to do so. Consequently, the court will not remand issues that the Commissioner has failed to respond to, which would cause plaintiff to have to re-litigate them." (citing *Krista B.*, 2021 WL 5235969, at *4)).

Plaintiff persuasively demonstrates that if any of the improperly discounted medical opinions are credited as true, the VE's hearing testimony establishes that Plaintiff is disabled. (*See* Pl.'s Br. at 9-12, citing the VE's testimony that someone with the limitations assessed by Dr. Scott Alvord, Dr. Anne Linton, Counselor Shannon Hodgen, or Psychiatric Nurse Practitioner Roberta Mowdy would be unable to sustain full-time employment; *see also* Tr. 51-52, the VE testified that someone with Plaintiff's limitations would "not be able to perform competitive work" and would exceed the maximum absenteeism tolerated by employers.) The

PAGE 8 – OPINION AND ORDER

Commissioner did not address whether crediting the discounted medical opinions as true would require a finding of disability. (*See generally* Def.'s Br.) The Court finds that if the medical opinions are credited as true, the ALJ would be required to find Plaintiff disabled on remand. *See Garrison*, 759 F.3d at 1021 n.28 (explaining that "there is no need to develop the record or convene further administrative proceedings" where "the VE answered a question describing a hypothetical person with the RFC that the claimant would possess were the relevant opinion or testimony taken as true"); *see also Gamal E. v. O'Malley*, No. 24-cv-07368-KAW, 2026 WL 1213834, at *7 (N.D. Cal. Mar. 31, 2026) (remanding for an award of benefits where "if credited as true, Plaintiff's evidence [of marked limitations] establishes that the ALJ would have been required to find Plaintiff disabled on remand").

Third, the Court finds that the record has been fully developed, including treatment notes spanning the relevant time period, opinions from medical sources, and Plaintiff's testimony about the severity and effects of her impairments. Further, the Commissioner has not identified any specific ambiguities or factual conflicts in the record. *See Treichler*, 775 F.3d at 1104 (explaining that to determine whether the record is fully developed, courts look to whether there are "significant factual conflicts in the record"). Accordingly, the Court finds that further proceedings would serve no useful purpose. *See Garrison*, 759 F.3d at 1021 ("[O]ur precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose' under the first part of credit-as-true analysis.") (citations omitted).

Finally, the Commissioner does not assert that there is any "serious doubt" that Plaintiff is disabled, nor offer any evidence to support any such doubt (*see* Def.'s Br. at 4-5), and the Court does not have serious doubt about whether Plaintiff is disabled. *See Monica S. v.*

*Bisignano*, No. 1:24-cv-03090-LRS, 2026 WL 837091, at *7 (E.D. Wash. Mar. 26, 2026) ("Accordingly, after crediting the improperly rejected opinions, the Court concludes remand for an award of benefits is the appropriate remedy as there is no 'serious doubt' as to whether Plaintiff is in fact disabled."); *Vanessa W. v. SSA Comm'r*, No. 24-cv-08003-TSH, 2026 WL 280481, at *12 (N.D. Cal. Feb. 3, 2026) ("Moreover, there is no 'serious doubt' based on 'an evaluation of the record as a whole' that Plaintiff is, in fact, disabled. Plaintiff has severe mental health conditions that result in marked mental impairments, impaired cognitive functioning, an extensive history of physical, emotional, and sexual trauma, and almost no job history at [thirty-eight] years old." (citing *Garrison*, 759 F.3d at 1021)).

For these reasons, the Court exercises its discretion to remand this case for an award of benefits. *See Leitz*, 2023 WL 4342114, at *3 ("The Government argues that we should remand for further proceedings rather than remand for an award of benefits. However, remand would serve no legitimate purpose . . . and permitting the Government to introduce additional evidence on remand would provide the Government with an unfair second opportunity to present its case. We therefore remand to the district court with instructions to remand to the agency for an award of benefits.") (citations omitted); *Hoffschneider v. Kijakazi*, No. 18-15504, 2022 WL 3229989, at *3 (9th Cir. Aug. 10, 2022) ("Once the improperly discredited evidence is credited as true, the vocational expert's testimony forecloses a determination that [the claimant] can work. Because no 'serious doubt' remains that [the claimant] is disabled, there is nothing left to decide. We therefore reverse and remand with instructions to remand to the Commissioner for a calculation and award of benefits.") (citations omitted); *cf. Michael P. v. Berryhill*, No. 3:18-cv-00902-YY, 2019 WL 3210096, at *3 (D. Or. June 27, 2019) ("Plaintiff . . . has spent the past eight years locked in a perpetual cycle of ALJ errors and remands. The caselaw in this circuit does not

PAGE 10 – OPINION AND ORDER

support remanding this case to give the Commissioner another opportunity to meet its burden." (first citing *Benecke*, 379 F.3d at 595; and then citing *Rustamova v. Colvin*, 111 F. Supp. 3d 1156, 1165 (D. Or. 2015))).

**CONCLUSION**

Based on the foregoing reasons, the Court REVERSES the Commissioner's decision and remands this case for the calculation and award of benefits.

**IT IS SO ORDERED.**

DATED this 4th day of June, 2026.

                              HON. STACIE F. BECKERMAN
                              United States Magistrate Judge